IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENDALL PETERS and SHARON DANNEN-PETERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:19-CV-182- WKW [WO] |
| LIBERTY BELL MOVING GROUP and DIRECT VAN LINE SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' motion to remand. (Doc. # 6.) Plaintiffs argue that this action should be remanded to state court because this court lacks subject matter jurisdiction. For the reasons below, the motion is due to be denied.

## I. BACKGROUND

In March 2018, Plaintiffs contracted with Defendants Liberty Bell Moving Group and Direct Van Lines to move Plaintiffs' belongings from Fairfax, Virginia, to Coffee County, Alabama. Plaintiffs claim damages of $35,000 for property lost and damaged during the move. Plaintiffs initially filed this action on February 5, 2019, in the Circuit Court of Coffee County, Alabama.

Defendants removed the case to this court on March 13, 2019. (Doc. # 1.) On April 11, 2019, Plaintiffs moved to remand, claiming that the removal was improper

because Plaintiffs' claim neither exceeds the $75,000 required for diversity jurisdiction nor arises under a federal law. (Doc. # 6.) On April 26, 2019, Defendants filed a response to the motion to remand, arguing that "the Carmack Amendment preempts Plaintiffs' state law claims and provide[s] a proper basis for removing this matter to federal court." (Doc. # 12.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, they only have the power to hear cases over which the Constitution or Congress has given them authority. *See Kokkonen*, 511 U.S. at 377. Congress has empowered federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts may exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For a claim to arise under federal law, the allegations in the plaintiffs' complaint must establish that "federal law creates the cause of action asserted" or that the plaintiffs' right to relief necessarily depends upon the resolution of a substantial question of federal law. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). If "a federal court determines that it is without subject

matter jurisdiction, [it] is powerless to continue" over a removed case and must remand the action to state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see* 28 U.S.C. § 1447(c).

The removing defendant bears the burden of establishing that the federal court has jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). And although the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear, *see Burns*, 31 F.3d at 1095, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

### III. ANALYSIS

Plaintiffs' state law claim for breach of contract is completely preempted by the Carmack Amendment. 49 U.S.C. § 14706. The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce. *Smith v. UPS*, 296 F.3d 1244, 1246 (11th Cir. 2002) (citing *N.Y., New Haven, & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953)). Plaintiffs argue that there is no federal jurisdiction over this action because of the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." (Doc. # 7, at 2.) But another judge on this court has ruled that the Carmack Amendment, through the "complete pre-emption doctrine," provides federal question jurisdiction

over a state law claim for loss and damage caused by an out-of-state moving company:

> Defendants failed to deliver some of [the plaintiff's] household items and . . . of those items that were delivered, some were damaged, with an *ad damnum* of more than $10,000. These alleged failures by the Defendants in transporting the household items from [another state] to Alabama relate to loss or damages to goods arising from the interstate transportation of those goods by a common carrier. Because Congress intended the Carmack Amendment to act as the exclusive cause of action for such claims, [the plaintiff's] claim is completely preempted by the Carmack Amendment. Thus, this court has federal-question jurisdiction, and the case was properly removed to this court.

*Morris v. Mayflower Transit, LLC*, 18 F. Supp. 3d 1342, 1345 (M.D. Ala. 2014) (cleaned up). Although the Eleventh Circuit has not applied the Carmack Amendment to the precise type of claim in this action, *Morris* thoroughly analyzes relevant Supreme Court precedent and correctly applies the analyses of the Fifth and Ninth Circuits. *See id.* (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 771 (5th Cir. 2003); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-89 (9th Cir. 2007)). Here, as in *Morris*, the amount in controversy exceeds the $10,000 jurisdictional requirement in Carmack Amendment cases. *See* 28 U.S.C. § 1445(b). Therefore, the Carmack Amendment applies to this action.

## IV. CONCLUSION

For the reasons above, it is ORDERED that Plaintiffs' motion to remand (Doc. # 6) is DENIED. It is further ORDERED that Plaintiffs shall file a response to

4

Defendant Liberty Bell Moving Group's motion to dismiss (Doc. # 2) on or before **July 31, 2019**.

DONE this 23rd day of July, 2019.

                                               /s/ W. Keith Watkins
                                           UNITED STATES DISTRICT JUDGE