IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENDALL PETERS and SHARON DANNEN-PETERS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 1:19-CV-182-WKW [WO] |
| LIBERTY BELL MOVING GROUP and DIRECT VAN LINES SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Liberty Bell Moving Group's motion to dismiss for failure to state a claim and for improper venue. (Doc. # 2.) A review of that motion and Plaintiffs' response to it (Doc. # 16) reveals that this action, which arises out of the interstate transportation of household goods, needs a roadmap. Defendant Direct Van Lines Services, Inc., the motor carrier that transported and allegedly damaged and lost Plaintiffs' personal property, has been off the map for more than eleventh months without any service (of process). Plaintiffs and Liberty are operating with a map, but the jurisdictional coordinates are wrong. The parties are making little progress on the litigation roadway. A repleading of the complaint to update the roadmap, as well as proper service, will go a long way in aiding the navigation of this case.

## I. BACKGROUND

Plaintiffs allege that, in March 2018, they contracted with Defendant Liberty Bell Moving Group ("Liberty") and Direct Van Lines Services, Inc. ("Direct Van Lines") to move their personal belongings 834 miles from Fairfax, Virginia, to Coffee County, Alabama. When Direct Van Lines showed up belatedly with the delivery, many of Plaintiffs' belongings were lost or damaged. Plaintiffs sued Liberty and Direct Van Lines for breach of contract in the Circuit Court of Coffee County, Alabama. Liberty promptly removed the action, contending that a federal question existed based upon the complete preemptive effect of the Carmack Amendment to the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 14706, or, alternatively, under the preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1).[1] Denying Plaintiffs' motion to remand, the court found that removal jurisdiction was proper under the Carmack Amendment. (Doc. # 13.) Liberty now moves to dismiss the claim against it for failure to state a claim or, alternatively, for improper venue based on a contractual forum-selection clause.

## II. DISCUSSION

The purpose of this Order is to give the parties step-by-step directions on how to get this case back on the litigation route. Plaintiffs must file an amended

---

[1] Hereafter, 49 U.S.C. § 14706 is referred to as the "Carmack Amendment," and 49 U.S.C. § 14501(c)(1) is referred to as "FAAAA."

2

complaint alleging proper grounds for jurisdiction and claims that comply with notice pleading. They also must serve Direct Van Lines or risk the dismissal of this defendant.

First, a prior order established the jurisdictional highway (Doc. # 13), but Plaintiffs have not amended their complaint to reflect the circumstances. In their complaint, Plaintiffs allege a state-law, breach-of-contract claim against Direct Van Lines. But, as previously explained, Direct Van Lines is a carrier to which the Carmack Amendment applies. *See Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1300 (11th Cir. 2018) ("[T]he Carmack Amendment preempts state-law claims against interstate motor carriers who 'provide motor vehicle transportation or service subject to jurisdiction under [the Interstate Commerce Act]' and replaces those state-law claims with its strict-liability provision."). The breach-of-contract claim against Direct Van Lines is to be replaced by the Carmack Amendment claim, which confers federal question jurisdiction. Plaintiffs never filed an amended complaint. The complaint remains in its original format.

Second, Plaintiffs must replead the breach-of-contract claim against Liberty. Plaintiffs plead that Liberty is a broker. (*See* Doc. # 1-1, ¶ 7 (alleging that Liberty is "the brokerage company that contracted the business out to Plaintiffs" and "is . . . responsible and liable for the damaged and missing property").) The Carmack Amendment "does not apply to brokers"; it only applies to carriers. *Essex Ins. Co.*, 885 F.3d at 1300. While Liberty advanced the FAAAA as an alternative

jurisdictional route for removal, there is caselaw that this Act does not preempt state-law, breach-of-contract claims against brokers. *See Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638, 642–43 (N.D. Tex. 2010) (finding that the FAAAA preempted state-law claims arising from the interstate transportation of goods other than for breach of contract). Liberty cites no authority to the contrary; its briefing is silent on this point. Hence, the state-law, breach-of-contract claim against Liberty remains, but the jurisdictional route is 28 U.S.C. § 1367. Plaintiffs must amend the complaint to add § 1367 as a jurisdictional basis.

Third, the parties' briefing has uncovered that two contracts are at issue, not one as implied by the complaint. (*See* Doc. # 2-1, 2-2.) As Liberty points out, and as Plaintiffs acknowledge, there was an interstate bill of lading between Kendall Peters and Direct Van Lines, and there was a Binding Moving Estimate between Kendall Peters and Liberty. Plaintiffs must specify which contracts are the bases for which claims.

Fourth and relatedly, Plaintiffs must identify the basis for Plaintiff Sharon Dannen-Peters's claims. There is no mention of her in the contracts.

Fifth, Liberty represents that it is now named Relocate US, LLC, but that it was formerly known as Liberty Moving Group, LLC. Plaintiffs should explore whether Liberty needs a new description in the complaint.

Sixth, the Binding Moving Estimate contains a forum-selection clause, which Liberty has invoked. (Doc. # 2.) Plaintiffs gave short shrift to the forum-selection

clause. (Doc. # 16, at 7.) Because the state-law, breach-of-contract claim against Liberty is not preempted, Liberty's enforcement of the forum-selection clause appears to stand on solid footing. *Cf. Kawasaki Kisen Kaisha Ltd. v. Regal–Beloit Corp.*, 561 U.S. 89, 98 (2010) (stating in dicta that, "if [the Carmack Amendment's] terms apply to the bills of lading here, the cargo owners would have a substantial argument that the Tokyo forum-selection clause in the bills is preempted by Carmack's venue provisions").

Plaintiffs must amend the complaint to identify (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the Carmack Amendment claim against Direct Van Lines, showing that each Plaintiff is entitled to relief, and (3) a short and plain statement of the state-law, breach-of-contract claim against Liberty (with Liberty's correct legal name), showing that each Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a).

Liberty's motion to dismiss will be denied without prejudice. However, should Liberty reassert its venue argument, Plaintiffs should be prepared to respond. The court will not extend deadlines further, absent extraordinary circumstances. Finally, Plaintiffs must address the status of Direct Van Lines.

## III.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiffs are GRANTED to and including **March 31, 2020**, to file an amended complaint that complies with the Federal Rules of Civil Procedure and the requirements set out in this Order;

(2) Defendant Liberty's motion to dismiss (Doc. # 2) is DENIED without prejudice to reassert any arguments that may be relevant to the amended complaint; and

(3) Plaintiffs are DIRECTED to show cause, on or before **March 31, 2020**, why their action against Defendant Direct Van Lines, should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DONE this 5th day of March, 2020.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE